## GEORGE R. H. HUGHES

*v.*

## FREDERICK M. ZEIGLER.

1. ATTORNEY AT LAW—*compensation fixed by special contract.* Where an attorney at law takes a written power of attorney to transact and manage certain business for his client, which fixes his compensation for his services and trouble at 25 per cent of the net sum realized by him, if, instead of attending to the business himself, he employs other attorneys, he will have no right to charge their fee to his client in addition to his commissions, and he will have no right to charge a fee for his legal services above the compensation provided in the contract.

2. SAME—*costs and expense growing out of his wrongful act.* Where an attorney employed to transact certain business for his client, procures a third person to be invested with the legal title to property belonging to his client without any consideration being paid therefor, and the arrangement serving no beneficial purpose to his client, and he afterwards incurs expense in costs and attorney's fees in getting the legal title in himself instead of his client, he will have no legal claim to be reimbursed or allowed for such expenses, on bill for an account by his client against him.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was a bill in equity, by the appellee against the appellant, for an account, etc. It appears that the complainant was the owner of a debt of $5860 secured by a mortgage on an undivided half of certain real estate in the city of Chicago, the mortgage being defectively acknowledged, and gave the defendant, an attorney at law, a power in writing to prosecute the claim and collect the debt by foreclosure, in which he promised to allow the defendant, out of the proceeds of the sale of the mortgaged property, after deducting necessary court expenses and costs, 25 per cent commission for his services and trouble, on the net sales. The attorney obtained judgment by default for $7725.35, under which the property

was sold at sheriff's sale for $6000. A certificate of purchase was made to Zeigler, and delivered to Hughes. Before the expiration of fifteen months, Hughes procured Zeigler to execute an assignment of the judgment and certificate of purchase and mortgage to one Robert, of Cincinnati, to avoid the effect of a reversal of the judgment, should the case be taken to the Supreme Court on error, and Robert executed to Hughes a declaration of trust, stating that he held the judgment and title by sheriff's deed to be executed in trust for Hughes, and would convey to him when requested. After this, a sheriff's deed was executed to Robert on the certificate of purchase, and Zeigler, at Hughes' request, executed a quit-claim deed for the property to Hughes, shortly after which Robert suddenly died. Hughes then commenced a suit in equity against the heirs of Robert, which resulted in a decree vesting the title in the land in Hughes.

Hughes then procured a release of the balance of the judgment above $6000 to be executed by Zeigler and Robert's administrator, to the original mortgagor, and thereby procured a quit-claim deed from him for the land to one Brown, who quit-claimed to Hughes. Hughes then divided the property with the owner of the other undivided half, such party paying Hughes $1250 for an excess which he received in the division. Hughes collected the rents on the part set off to him, and finally sold the same for $7500 cash. This bill was brought for an account of the rents and the moneys received by Hughes. For a fuller statement of the facts, reference is made to *Zeigler* v. *Hughes*, 55 Ill. 288. The decree of the court below was reversed and the cause remanded, and an account was taken in accordance with the opinion then announced in the case. The defendant now brings the case to this court on appeal.

Mr. ROBERT RAE, for the appellant.

Mr. GEORGE F. BAILEY, for the appellee.

---

Opinion of the Court.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This case was before this court at the September term, 1870, and the opinion of the court in the case reported in 55 Ill. page 288, gives a full statement of the facts.

On a hearing of the cause in this court, the decree of the circuit court was reversed and the cause remanded.

On the 8th day of May, 1870, a copy of the judgment of this court was filed in the circuit court of Cook county, and an order entered therein re-docketing the cause, when it was referred to John Woodbridge, Esq., Master in Chancery of Cook county, to take an account in accordance with the opinion of this court.

After the cause was referred, the parties appeared before the master and introduced their evidence. The master stated the account, and on the 6th day of November filed a report, as follows:

GEORGE R. H. HUGHES in account with G. R. ——— and F. M. ZEIGLER.

| 1865 | | | 1862 | | |
|---|---|---|---|---|---|
| Oct.21 | To cash f'm Griswold | $1250.00 | M'y 23 | By court costs fore-closure ...... ... | $25.00 |
| " | " " rents.. | 127.00 | " | By sheriff's fees foreclosure ..... | 105.00 |
| | | | 1865 | | |
| | | | Jan.31 | By court costs par-tition suit ...... | 10.00 |
| | | | " | By publication par-tition suit ...... | 10.00 |
| | | | Oct.21 | By interest 6 per cent to date .... | 27.45 |
| | | | " | By taxes ......... | 74.62 |
| | | | | Balance .... | 1124.93 |
| | | $1377.00 | | | |
| 1865 | | | | | $1377.00 |
| Oct 21 | To balance.... | $1124.93 | 1866 | | |
| 1866 | | | Jan.11 | To two continua-tion abstracts... | $20.00 |
| Jan.11 | To interest to date .. | 15.10 | " | To com. on Stark Sale............ | 131.35 |
| " | Cash from Stark.... | 7500.00 | | Balance .... | 8488.68 |
| | | $8640.03 | | | $8640.03 |

Opinion of the Court.

GEORGE R. H. HUGHES in account with F. M. ZEIGLER.

| 1866 | | | 1863 | | |
|---|---|---|---|---|---|
| Jan.11 | To ¾ of above balance, $8688.68 | $6366.51 | Jan 31 Aug 21 | By cash to Zeigler, " " | $700.00 800.00 |
| | | | 1866 Jan.11 | Interest to date,.... Balance...... | 238.32 4628.19 |
| | | $6366.51 | | | $6366.51 |
| 1866 Jan.11 | To balance .... | $4628.19 | 1872 Jun.10 | Balance...... | $6409.27 |
| 1872 Jun 10 | To interest to date .. | 1781.08 | | | |
| | | $6409.27 | | | $6409.27 |

1872, June 10, To balance account, $6409.27.

Chicago, 10 June, 1872.  Master's fees, $20.—Paid by solicitor for defendant.

Respectfully submitted,

JOHN WOODBRIDGE,
Master in Chancery of Cook county.

Appellant filed exceptions to the report, which were overruled, and a final decree entered for the amount shown to be due by the report, from which appellant appeals.

The first and second errors assigned are, that the court erred in not allowing appellant credit for three-fourths of an item of $40, and one of $100 paid in 1864, costs and attorney fees in a certain chancery suit by him commenced against the heirs of one Robert to compel a conveyance of the title of the property in question.

It is claimed the title was placed in Robert as an innocent purchaser, and for the benefit of Zeigler, and that the latter should pay three-fourths of the expense of getting back the title.

The evidence shows that Robert was not a purchaser of the property, either innocent or otherwise; he never paid a dollar for the property, and never agreed to buy it.  In what manner Zeigler could be benefited by this useless device, is more than we are able to comprehend; in fact, this transaction looks more like an attempt on the part of Hughes to

procure the property himself, than anything we can liken it to, and we think the court did right in rejecting these items.

The third and fourth errors assigned are: The court erred in not allowing appellant credit for $50 attorney fees by him paid for filing a bill in chancery against the owner of the other half of the lot for a division thereof, and $100 which he paid one Brown, an attorney in Baltimore, for his services in procuring a quit-claim deed of Mager, the mortgagor, aside from the fact that there did not appear to have been any necessity for filing the bill for a division of the lot, as the bill was abandoned and dismissed. We are of opinion, that the 25 per cent which Hughes was to have on the net sales of the property as commissions was intended as payment of attorney fees in the management of the business, and if appellant saw fit to employ attorneys instead of doing the business himself, Zeigler should not be charged with what he paid for their services.

The fifth error is not well taken. The same reasoning that applies to the first and second errors assigned will also apply to this.

The sixth error assigned is, the court refused to allow appellant, for his services as an attorney, three-fourths of $500.

In this there was clearly no error. The amount and manner in which appellant was to be paid was specified in the written contract between him and Zeigler, and for the court to have allowed him more could not have been sanctioned or justified on any known principle of right.

The decree of the circuit court will be affirmed.

*Decree affirmed.*